# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVE BADUE, | No. 2:13-cv-2368-WBS-CMK-P |
| Petitioner, | |
| vs. | ORDER |
| SACRAMENTO COUNTY SUPERIOR COURT, et al., | |
| Respondents. | |

    Petitioner, a former state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pending before the court are petitioner's objections (Doc. 8) to the undersigned's findings and recommendations (Doc. 7).

    On May 29, 2014, the undersigned issued findings and recommendations, finding that petitioner failed to meet the in custody requirement of 28 U.S.C. § 2254, and recommending the case be dismissed. The basis of this determination was the length of petitioner's sentence, and the expiration thereof . In his objections, however, petitioner affirms that he is in fact still on parole. As such, the in custody requirement of 28 U.S.C. § 2254 is met. The undersigned will therefore vacate the findings and recommendations, and this case will proceed.

///

1    However, petitioner has not named the proper respondent in his petition.  "A
2 petitioner for habeas corpus relief must name the state officer having custody of him or her as the
3 respondent to the petition." <u>Stanley v. California Supreme Court</u>, 21 F.3d 359, 360 (9th Cir.
4 1994); <u>see also</u> Rule 2(a), Federal Rules Governing Section 2254 Cases.  Here, petitioner has
5 named the Sacramento County Superior Court as well as Judge Tochterman.  Neither of these
6 named respondents have custody of petitioner.  For a petitioner on probation or parole, "[t]he
7 named respondents shall be the particular probation or parole officer responsible for supervising
8 the applicant, and the official in charge of the parole or probation agency, or the state correctional
9 agency, as appropriate."  Advisory Committee Notes to Rule 2 of the Rules Governing Section
10 2254 Cases.  Because petitioner has not named the appropriate state officer, petitioner will be
11 provided leave to amend to correct this technical defect by naming the correct respondent.  <u>See</u>
12 <u>Stanley</u>, 21 F.3d at 360.  Petitioner is warned that failure to comply with this order may result in
13 the dismissal of this action.  <u>See</u> Local Rule 110.

14    Finally, petitioner seeks leave to proceed in forma pauperis.  Petitioner has
15 submitted the affidavit required by 28 U.S.C. § 1915(a) showing that petitioner is unable to
16 prepay fees and costs or give security therefor.  This request will be granted.

17    Accordingly, IT IS HEREBY ORDERED that:

18    1.    The findings and recommendations issued on May 29, 2014 (Doc. 7) are
19 vacated;

20    2.    Petitioner's motion for leave to proceed in forma pauperis (Doc. 2) is
21 granted;

22    3.    Petitioner's petition for writ of habeas corpus (Doc. 1) is dismissed with
23 leave to amend;

24    4.    Petitioner shall file an amended petition on the form employed by this
25 court, and which names the proper respondent and states all claims and requests for relief, within
26 30 days of the date of this order; and

5. The Clerk of the Court is directed to send petitioner the court's form habeas corpus application.

DATED: October 23, 2014

                                              **CRAIG M. KELLISON**
                                              UNITED STATES MAGISTRATE JUDGE