IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVE BADUE, | No. 2:13-cv-2368-WBS-CMK-P |
| Petitioner, | |
| vs. | FINDINGS AND RECOMMENDATION |
| JEFFREY A. BEARD[1], | |
| Respondents. | |

Petitioner, a former state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pending before the court is respondent's motion to dismiss (Doc. 17), petitioner's opposition (titled traverse) (Doc. 20), and respondent's reply (Doc. 21). Petitioner also filed an additional response to the respondent's reply (Doc. 22). Such a pleading is not contemplated by the Federal Rules of Civil Procedure. However, as petitioner filed his additional response prior to the court's review of the motion to dismiss, the court has read and considered it.

---

[1] Respondent requests the court substitute Jeffrey A. Beard, the current Secretary of the California Department of Corrections and Rehabilitation, as respondent in this matter. The undersigned finds the substitution appropriate, and will direct the Clerk of the Court to update the docket accordingly. See Fed. R. Civ. Proc. 25(d).

1

## I. BACKGROUND

Petitioner is challenging his 2010 conviction out of the Sacramento County Superior Court. His conviction was affirmed by the California Court of Appeal on April 12, 2011, but was remanded for imposition of fees and finds, and to correct errors in the abstract of judgment. No timely review was sought in the California Supreme Court. Petitioner filed[2] his first state habeas petition on April 9, 2012, which was denied on October 17, 2012. His second state habeas petition was filed on or about May 5, 2014. The current federal petition for writ of habeas corpus was originally filed in this court on November 15, 2013.

## II. MOTION TO DISMISS

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases. The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F. Supp. 1189, 1194 & n. 12 (E.D. Cal. 1982) (same). Thus, a respondent can file a motion to dismiss after the court orders a response, and the Court should use Rule 4 standards to review the motion. See Hillery, 533 F. Supp. at 1194 & n.12. The petitioner bears the burden of showing that he has exhausted state remedies. See Cartwright v. Cupp, 650 F.2d 1103, 1104 (9th Cir. 1981).

///

---

[2] The filing dates given provide petitioner the benefit of the mailbox rule. See Stillman v. LaMarque, 319 F.3d 1199, 1201 (9th Cir. 2003) (applying rule to prisoner's habeas corpus petition).

1  Respondent brings this motion to dismiss petitioner's habeas corpus petition as
2  filed beyond the one-year statute of limitations, pursuant to 28 U.S.C. § 2244(d). Alternatively,
3  respondent contends the current petition is unexhausted. Petitioner appears to argue that his
4  petition is timely, and that he attempted to exhaust his claims at the highest state court.
5  Federal habeas corpus petitions must be filed within one year from the later of:
6  (1) the date the state court judgment became final; (2) the date on which an impediment to filing
7  created by state action is removed; (3) the date on which a constitutional right is newly-
8  recognized and made retroactive on collateral review; or (4) the date on which the factual
9  predicate of the claim could have been discovered through the exercise of due diligence. See 28
10 U.S.C. § 2244(d). Typically, the statute of limitations will begin to run when the state court
11 judgment becomes final by the conclusion of direct review or expiration of the time to seek direct
12 review. See 28 U.S.C. § 2244(d)(1).
13 Where a petition for review by the California Supreme Court is filed and no
14 petition for certiorari is filed in the United States Supreme Court, the one-year limitations period
15 begins running the day after expiration of the 90-day time within which to seek review by the
16 United States Supreme Court. See Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001).
17 Where a petition for writ of certiorari is filed in the United States Supreme Court, the one-year
18 limitations period begins to run the day after certiorari is denied or the Court issued a merits
19 decision. See Wixom v. Washington, 264 F.3d 894, 897 (9th Cir. 2001). Where no petition for
20 review by the California Supreme Court is filed, the conviction becomes final 40 days following
21 the Court of Appeal's decision, and the limitations period begins running the following day. See
22 Smith v. Duncan, 297 F.3d 809 (9th Cir. 2002). If no appeal is filed in the Court of Appeal, the
23 conviction becomes final 60 days after conclusion of proceedings in the state trial court, and the
24 limitations period begins running the following day. If the conviction became final before April
25 24, 1996 – the effective date of the statute of limitations – the one-year period begins to run the
26 day after the effective date, or April 25, 1996. See Miles v. Prunty, 187 F.3d 1104, 1105 (9th

Cir. 1999).

The limitations period is tolled, however, for the time a properly filed application for post-conviction relief is pending in the state court. See 28 U.S.C. § 2244(d)(2). To be "properly filed," the application must be authorized by, and in compliance with, state law. See Artuz v. Bennett, 531 U.S. 4 (2000); see also Allen v. Siebert, 552 U.S. 3 (2007); Pace v. DiGuglielmo, 544 U.S. 408 (2005) (holding that, regardless of whether there are exceptions to a state's timeliness bar, time limits for filing a state post-conviction petition are filing conditions and the failure to comply with those time limits precludes a finding that the state petition is properly filed). A state court application for post-conviction relief is "pending" during all the time the petitioner is attempting, through proper use of state court procedures, to present his claims. See Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999). It is not, however, considered "pending" after the state post-conviction process is concluded. See Lawrence v. Florida, 549 U.S. 327 (2007) (holding that federal habeas petition not tolled for time during which certiorari petition to the Supreme Court was pending). Where the petitioner unreasonably delays between state court applications, however, there is no tolling for that period of time. See Carey v. Saffold, 536 U.S. 214 (2002). If the state court does not explicitly deny a post-conviction application as untimely, the federal court must independently determine whether there was undue delay. See id. at 226-27.

There is no tolling for the interval of time between post-conviction applications where the petitioner is not moving to the next higher appellate level of review. See Nino, 183 F.3d at 1006-07; see also Dils v. Small, 260 F.3d 984, 986 (9th Cir. 2001). There is also no tolling for the period between different sets of post-conviction applications. See Biggs v. Duncan, 339 F.3d 1045 (9th Cir. 2003). Finally, the period between the conclusion of direct review and the filing of a state post-conviction application does not toll the limitations period. See Nino, 1983 F.3d at 1006-07.

/ / /

4

Here, petitioner is challenging his 2010 conviction. Petitioner appealed his conviction to the California Court of Appeal, which affirmed his conviction on April 12, 2011.[3] No timely petition for review was filed with the California Supreme Court. Petitioner's conviction then became final 40 days following the Court of Appeal's decision, or May 23, 2011, and the statute of limitations commenced. The statute of limitations expired one year later, May 22, 2012. However, petitioner filed his state habeas petition with the California Supreme Court on April 9, 2012. This petition was timely, and tolled the statute of limitations until the Court issued its opinion denying the petition on October 17, 2012. Prior to the filing of the petition, 322 of the 365 days of the statute of limitations had passed. As the petition was filed with the California Supreme Court, the decision denying the petition concluded the state post-conviction process, and the statute again starting running. Petitioner then had 43 days from the date of the California Supreme Court's decision to file his federal habeas petition, or until November 29, 2012. However, he did not file his federal habeas petition until November 15, 2013, almost a year beyond the expiration of the statute of limitations.

Petitioner argues he attempted to file a petition for review in the California Supreme Court after the Court of Appeal affirmed his conviction. However, based on the documents he submitted in support of his opposition, it appears that his attempt to file a petition for review was filed untimely and only after the Court lost jurisdiction to act on his petition. As his petition for review was not filed properly and timely, it did not act to toll the statute of limitations. Similarly, his second state habeas petition filed in the Sacramento County Superior Court on May 5, 2014, does not toll the statute of limitations. The statute of limitations had already expired before that second petition was filed, was in fact filed after the federal habeas

---

[3] Petitioner provides a copy of the docket sheet from the Court of Appeal, which shows the opinion filed on April 12, 2011, and the remittitur issued on June 14, 2011. The date of the opinion is the operative date, as that is the date the judgment was affirmed. The corrections ordered to be made by the trial court did not affect the conviction. However, even if the date the remittitur issued and the appellate case was closed is used to calculate the statute of limitations, those two months are not enough to make the petition timely.

petition was filed, and thus it cannot save his federal petition from being barred by the statute of limitations.

### III.  CONCLUSION

The undersigned finds the petitioner's federal habeas petition is untimely, as it was filed beyond the expiration of the statute of limitations.[4]

The Clerk of the Court is directed to update the docket in this action to reflect Jeffrey A. Beard, the current Secretary of the California Department of Corrections and Rehabilitation, as the appropriate respondent.

Based on the foregoing, the undersigned recommends respondent's motion to dismiss (Doc. 17) be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:  June 10, 2015

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE

---

[4]  As the undersigned finds the petition untimely, it is unnecessary to address respondent's alternate basis for dismissal, to determine whether the claims in the petition are exhausted.